

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

**Giancarlo S Vecchiarelli**
*Assistant Corporation Counsel*
Phone: (212) 356-2410
Gvecchi@law.nyc.gov

December 1, 2022

**BY ECF**
Honorable Lewis J. Liman
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSEMENT.
The request for a stay of discovery is granted. The Initial Pretrial Conference is adjourned sine die. Plaintiffs counsel is directed to write to the Court, within one week of the decision on the motion to dismiss, to request a case management conference.

12/2/2022   SO ORDERED.
LEWIS J. LIMAN
United States District Judge

Re: *Mildred Lacen, et al. v. The City of New York, et al.* 21 Civ. 7371 (LJL)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter on behalf of defendant City of New York ("City"). For the reasons set forth below, the City respectfully requests: (1) a stay of discovery during the pendency of the City's intended motion to dismiss; and (2) that, for the same reasons, the parties be excused from submitting a Case Management Plan and Scheduling Order ("Scheduling Order"), due December 5, 2022 (the same day as the defendants' motion is due), until after a ruling on the motion to dismiss.[1] This is the City's first request for a stay of discovery and its second request for the parties to be excused from submitting a Scheduling Order. The City's first request to adjourn the deadline for filing the Case Management Plan and Scheduling Order was granted on November 11, 2022. Plaintiffs' counsel consents to both of the present requests. The parties' next scheduled appearance before the Court is an Initial Pre-trial Conference on December 14, 2022.

Defendants respectfully request a stay of discovery because defendant City will file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) which, if granted, would be dispositive of the claims against the City, which is the only identified defendant.[2] For the foregoing reasons, the City respectfully requests a stay of discovery, and for the parties to be excused from submitting a

---

[1] Typically a request for a stay would await filing of the motion to dismiss, but in this case it is filed now because the parties' proposed Scheduling Order is due the same day as the motion.

[2] As defendants will establish in their motion, the NYPD is not a separatee legal entity that may be sued. Rather, suits concerning the NYPD are properly directed against the City. *See, e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n. l9 (2d Cir. 2007).

Scheduling Order in light of that stay. In the alternative, defendants' respectfully request that discovery be stayed at least until the defendants' motion is fully briefed, so that the Court may more fully consider the merits of that motion before a final ruling on the stay.

Plaintiffs' claims against the City are for municipal liability pursuant to 42 U.S.C. § 1983 and intentional infliction of emotional distress ("IIED") under state law. Defendants intend to move to dismiss both claims against the City in their entirety. Requiring the parties to proceed with discovery now risk imposing extensive burden and expense on the parties that later may become unnecessary. (At a minimum, a ruling on the motion to dismiss will allow the parties to focus discovery on those matters that are most relevant to a viable claim.)

Fed. R. Civ. P. 26(c) vests courts with the discretion to stay discovery if the moving party can show "good cause…[which] requires a showing of facts militating in favor of the stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. Mar. 28, 2006). Factors that the court will consider include the strength of the argument in favor of dismissal, the breadth and burden of the forthcoming discovery, and the risk of unfair prejudice to the opposing party. *Id.*

A stay of discovery pending resolution of a potentially dispositive motion is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotations and citations omitted; alterations in original). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Oliver v. City of New York*, 19 Civ. 11219 (PGG) (JLC), 2021 U.S. Dist. LEXIS 103656, at *4 (S.D.N.Y. June 2, 2021) (quotation and citation omitted). "[U]pon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to Federal Rule of Civil Procedure 26(c)." *Id.* at *3 (quotation omitted). "Rule 26(d) also allows the Court 'to control the sequence and timing of discovery,' particularly where resolution of a preliminary matter may decide the entire case. *Id.* at **3–4 (quotation omitted).

The Court should grant a stay because, as will be more fully set forth in defendant's motion papers, the defendant's arguments for dismissal have substantial grounds, and the discovery plaintiff is likely to seek on its claims under *Monell v. Dep't of Social Services*, 436 U.S. 658, 694-95 (1978) – the sole federal claim here – is likely to be extensive and burdensome given the broad nature of such claims. As plaintiff has agreed to a stay, there is no prejudice to the plaintiff from the delay.

As explained more fully in defendants forthcoming Memorandum in Support of its Motion to Dismiss: (1) plaintiff's *Monell* claims fail to allege facts plausibly showing a policy, practice or custom of the City that caused the alleged constitutional violations; and (2) plaintiff's IIED claim fails as a matter of law. To state a claim for municipal liability, a plaintiff must plausibly allege one of four theories: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, *Monell*, 436 U.S. at 690, 98 S. Ct. at 2035-36; (2) the official responsible for establishing policy, with respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84, 106 S. Ct. 1292, 1300 (1986) (plurality opinion); (3) the existence of an unlawful

practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30, 108 S. Ct. 915, 926-28 (1985) (plurality opinion), *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employee's interact, *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989). The complaint makes only conclusory allegations in support of these theories, and alleges none of the specific facts that are required to plead a plausible claim under *Monell*.

The plaintiffs' state law claim fails because, *inter alia*, plaintiff does not allege compliance with the statutory prerequisites for suits against a municipality, i.e., the filing of a Notice of Claim within 90 days; that 30 days have elapsed following service of the Notice of Claim, and appearance for sworn testimony pursuant to § 50-h (i.e., a "50-h Hearing"). *See* N.Y. Gen. Mun. Law §§ 50-e, 50-h, 50-i. The statute requires that plaintiff plead in their complaint that 30 days have elapsed since a Notice of Claim was filed. *Piotrowski v. Rocky Point Union Free Sch. Dist.*, 462 F. Supp. 3d 270, 290 (E.D.N.Y. 2020).

A stay of discovery would avoid unnecessary burdens and expense on the parties by obviating burdensome discovery until the need for it becomes clear. *See, e.g., Lynch v. City of New York*, 2020 U.S. Dist. LEXIS 123533, at *9 (S.D.N.Y. July 14, 2020) (holding "discovery on the *Monell* claims is likely to be expensive and time-consuming, and it will all be for naught if Plaintiff fails to prove an underlying constitutional violation").

Accordingly, where a motion to dismiss raises substantial questions about the sufficiency of claims, courts find good cause to stay discovery on such claims until those motions are decided. *See, e.g., Alford v. City of New York*, 2011-CV-0622 (ERK) (MDG), 2012 U.S. Dist. LEXIS 37876, at *7 (E.D.N.Y. Mar. 20, 2012) (staying *Monell* discovery while motion is pending); *Corbett v. City of New York* 15 Civ. 9214 (GHW), 2016 U.S. Dist. LEXIS 178037, at *4 (S.D.N.Y. Dec. 22, 2016) (noting that *Monell* discovery was stayed pending a decision on the City's motion to dismiss); *Aquino v. City of New York,* 16 Civ. 1577 (GHW), 2017 U.S. Dist. LEXIS 76402, at *6 (S.D.N.Y. May 19, 2017) (same).

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Giancarlo S Vecchiarelli* /s/

Giancarlo Santino Vecchiarelli
*Assistant Corporation Counsel*

cc:   All Counsel, by ECF
      *Counsel for Plaintiff*