Douglas G. Mitchell, Esq.
17 Academy St. Ste 305
Newark, NJ 07102
973.761.3000
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILDRED LACEN, ALEXIS ROBINSON, JEREMIAH MARTINEZ, BARBARA RIVERA and JARLYN MARTINEZ<br><br>Plaintiff(s),<br>v.<br><br>THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, NEW YORK POLICE OFFICERS JOHN DOES 1 through 10.<br><br>Defendant. | CASE NO. 1:21-cv-07371-LJL<br><br>**AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiffs MILDRED LACEN, ALEXIS ROBINSON, JEREMIA MARTINEZ, BARBARA

RIVERA and JARLYN MARTINEZ, by way of Complaint against Defendants, says:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42

   U.S.C. Sec 1983.  The Court has jurisdiction over the state law claims pursuant to 28 U.S.C.

   § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b).

THE PARTIES

3. Plaintiff Mildred Lacen ("Plaintiff ML ") currently resides at 1065 Summit Avenue, Bronx, New York 10452.

4. Plaintiff Alexis Robinson ("Plaintiff AR") currently resides at 356 East 152nd Street, Bronx, New York 10455.

5. Plaintiff Jeremiah Martinez ("Plaintiff JM") currently resides at 356 East 152nd Street, Bronx, New York 10455.

6. Plaintiff Barbara Rivera ("Plaintiff BR") currently resides at 356 East 152nd Street, Bronx, New York 10455.

7. Plaintiff Jarlyn Martinez ("Plaintiff JM2") currently resides at 356 East 152nd Street, Bronx, New York 10455.

8. Defendant(s) New York Police Officer(s) John Does 1 through 10 is/are active police officer(s) with the City of New York Police Department. Upon information and belief, at all times material hereto, Defendants Officers John Does 1 through 10 were residents of New York City, New York County. In addition, at all times material hereto, Officers John Does 1 through 10 was/were law enforcement officer(s) and public employee(s) and was acting within the scope of their duties as well as under color of law. Officers John Does 1 through 10 is/are sued both personally and in his/their official capacity.

9. Defendant, The City of New York is a governmental entity in the State of New York with its place of business at 1 Centre Street, New York, NY 10007.

10. Defendant, The New York Police Department is a governmental entity in the State of New York with its place of business at 1 Police Plaza, New York, NY 10007.

11. Defendants, The City of New York and The New York Police Department are sued in general and as provided by law.

12. This action is brought for damages and other appropriate relief under 42 U.S.C.A. § 1983 and all relevant New York tort statutes.

13. A Notice of Tort Claim was filed noticing the City of New York of plaintiffs' claim(s) on or about June 18, 2020.

14. 50-H hearings were conducted with each plaintiff on September 30, 2020.

FACTS COMMON TO ALL COUNTS

1. On or about June 5, 2020, Plaintiffs were standing outside of restaurant when Plaintiff ML called the police in response to a domestic violence threat upon Plaintiff BR.

2. The police arrived and told Plaintiffs to leave the area, at which time Plaintiff BR told the officer(s) that she is the victim and that the call was made on her behalf. Defendant Police Officer John Doe ignored Plaintiff BR then proceeded to push and pepper spray Plaintiffs ML, BR and JM2.

3. After an object is supposedly thrown from a window, Defendant Police Officer John Does 1 through 10 then returned and broke down the gate separating Plaintiffs from them.

4. Upon Defendant(s) New York Police Officer(s) John Does 1 through 10 breach of the fence, the following occurred without provocation:

5. Defendant(s) New York Police Officer(s) John Does 1 through 10 pushed fence causing it to collide with Plaintiff ML, causing injury to Plaintiff ML and proceeded to pepper spray Plaintiff ML and violently threw her to ground and forcefully placed his/her knee in Plaintiff ML's back causing injury to Plaintiff ML.

6. Defendant(s) New York Police Officer(s) John Does 1 through 10 also pepper sprayed Plaintiff BR and forced her to leave the area while her eyes were filled with pepper spray, and she was unable to see.

7. Defendant(s) New York Police Officer(s) John Does 1 through 10 also pepper sprayed

Plaintiff JM2 and violently threw her against the metal gate and forced her to leave the area while her eyes were filled with pepper spray, and she was unable to see.

8. Defendant(s) New York Police Officer(s) John Does 1 through 10 also attacked Plaintiff AR, while handcuffed, violently striking him in the head with closed fists and also with nightsticks to the head and ribs causing injury.

9. Defendant(s) New York Police Officer(s) John Does 1 through 10 also attacked Plaintiff JM, pepper spraying him and violently throwing his to ground and proceeding to beat him causing injury.

10. Although Defendant(s) New York Police Officer(s) John Does 1 through 10observed that the Plaintiffs were unarmed, nonaggressive, and comparatively diminutive in stature, Defendant Police Officer John Does 1 through 10 nonetheless responded violently toward Plaintiffs.

11. Thereafter, Plaintiffs advised Defendant(s) New York Police Officer(s) John Does 1 through 10 that they were experiencing severe pain. Defendant(s) New York Police Officer(s) John Does 1 through 10 did nothing regarding Plaintiff's complaints about Plaintiff's medical condition, but rather exhibited a complete disregard for the health and safety of Plaintiff.

12. Defendant(s) New York Police Officer(s) John Does 1 through 10, did not allow Plaintiffs to get medical attention.

13. Plaintiffs suffered from multiple bruises and severe pain to their face and body.

14. But for Defendant(s) New York Police Officer(s) John Does 1 through 10's actions, Plaintiffs would not have sustained the above-mentioned injuries.

15. As a direct and proximate result of said acts of the Defendants, the Plaintiffs suffered the following injuries:

    a. Violation of their constitutional rights under the Fourth and Fourteenth

Amendments to the United States Constitution to be free from unreasonable seizures of their persons;

b. Violation of their constitutional rights under the New York State Constitution.

c. Loss of physical liberty;

d. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment;

e. The actions of the Defendants violated clearly established and well settled federal and state constitutional rights afforded to New York State residents.

## COUNT ONE

**VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C.A. § 1983**

DEFENDANT DID USE EXCESSIVE FORCE AGAINST PLAINTIFFS

1. Plaintiffs repeats and re-alleges all of the foregoing allegation as if set forth at length herein.

2. This Cause of Action is brought by Plaintiffs against Defendant(s) New York Police Officer(s) John Does 1 through 10 for deprivation of Plaintiffs' Fourth Amendment rights.

3. Defendant(s) New York Police Officer(s) John Does 1 through 10, acting under the color of state law, did use force outside the bounds of his official capacity and beyond that reasonably necessary to effect compliance from Plaintiff.

4. Defendant(s) New York Police Officer(s) John Does 1 through 10 knew or should have known that the use of mace coupled with tossing to the ground, striking with fists and or nightsticks as well as any of the aforementioned acts of violence against Plaintiffs' persons, was considered extreme and severe force which was unreasonable to effect compliance from Plaintiffs under the circumstances.

5. The above-described acts and omissions of Defendant(s) New York Police Officer(s) John

Does 1 through 10 were unreasonable, shocking to the conscious, and were committed intentionally, maliciously, willfully and/or with reckless or deliberate indifference, and in violation of the clearly established constitutional rights of which a reasonable person and/or police officer would have been aware of.

6. Defendant(s) New York Police Officer(s) John Doe 1 through 10 knew or should have known that the above described actions were beyond his discretion and was unreasonable in light of the circumstances.

7. As a direct and proximate cause of Defendant(s) New York Police Officer(s) John Doe 1 through 10's violations of Plaintiffs' constitutional rights, Plaintiffs suffered damages, including physical damage and violation of Plaintiffs' Federal Constitutional Rights.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for the following:

a. Compensatory damages;

b Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Punitive damages;

f. Interest; and

g. Such other and further relief as the Court may deem equitable and just.

## COUNT TWO
### VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C.A. § 1983
DEFENDANT DID ASSAULT AND BATTER PLAINTIFFS

1. Plaintiffs repeat and re-allege all of the foregoing allegation as if set forth at length herein.

2. This Cause of Action is brought by Plaintiffs against Defendant(s) New York Police

   Officer(s) John Does 1 through 10 for intentional assault and battery.

3. Defendant(s) New York Police Officer(s) John Does 1 through 10, using extreme and severe force, intentionally struck Plaintiffs about the face and body.

4. Defendant(s) New York Police Officer(s) John Does 1 through 10did intend to cause serious physical injury to Plaintiffs by virtue of the forced used to subdue and arrest Plaintiffs.

5. The above-described intentional actions of Defendant(s) New York Police Officer(s) John Does 1 through 10 placed Plaintiffs in immediate fear of serious bodily injury and did cause Plaintiffs to sustain great physical pain, severe, mental and emotional distress and expense.

   **WHEREFORE**, Plaintiffs demand judgment against Defendants for the following:

   a. Compensatory damages;

   b Attorney's fees;

   c. Costs of suit;

   d. Pain and suffering;

   e. Punitive damages;

   f. Interest; and

   g. Such other and further relief as the Court may deem equitable and just.

## COUNT THREE

### 42 USCA § 1983 AGAINST THE CITY OF NEW YORK AND THE NEW YORK POLICE DEPARTMENT

CUSTOM AND PRACTICE OF FAILING TO PROPERLY AND/OR ADEQUATELY TRAIN POLICE OFFICERS

1. Plaintiffs repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

2. This Cause of Action is brought by Plaintiffs against Defendants The City of New York

and The New York Police Department for deprivation of Plaintiffs' constitutional rights within the meaning of 42 U.S.C. § 1983.

3. Prior to June 5, 2020, Defendants City of New York and The New York Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, which caused Plaintiff to have his rights violated by Defendants Police Officer John Doe.

4. It was the policy and/ or custom of Defendants City of New York and The New York Police Department to inadequately and improperly investigate citizens' complaints of police misconduct and acts of misconduct were instead tolerated by Defendants City of New York and The New York Police Department.

5. It was the policy and/or custom of Defendants City of New York and The New York Police Department to inadequately supervise and train its police officers, including Defendant Police Officer John Doe, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Defendants City of New York and The New York Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

6. As a result of the above-described policies and customs, police officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

7. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendants City of New York and The New York Police Department to the constitutional rights of persons within New York City, and were the cause of the violation of Plaintiffs' Federal Constitutional rights.

8. As a direct and proximate result of the above-mentioned policy and custom of Defendants City of New York and The New York Police Department not to investigate citizens claims of police misconduct Plaintiffs sustained physical injury, causing them great pain of body and anguish of mind, incurred expenses, and was caused to have their Federal Constitutional rights violated.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for the following:

a. Compensatory damages;

b. Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Interest; and

f. Such other and further relief as the Court may deem equitable and just.

## COUNT FOUR

### DEFENDANTS DID INTENTIONALLY INFLICT EMOTIONAL DISTRESS ON PLAINTIFF

1. Plaintiffs repeat and re-allege all of the foregoing allegations as if set forth at length herein.

2. This Cause of Action is brought by Plaintiffs against Defendant(s) New York Police Officer(s) John Does 1 through 10, individually and in their official capacity, The City of New York, and the New York Police Department for common law intentional infliction of emotional distress.

3. Defendant(s) New York Police Officer(s) John Does 1 through 10, used force outside the bounds of their official capacity and beyond that reasonably necessary to effect compliance, which caused Plaintiffs to sustain bodily injury.

4. Defendant(s) New York Police Officer(s) John Does 1 through 10, intended to cause Plaintiffs emotional distress by intentionally assaulting Plaintiffs.

5. As a result of being assaulted by Defendant(s) New York Police Officer(s) John Does 1 through 10, Plaintiffs have suffered severe emotional distress and is wrought with anxiety even by the mere thought and sight of the police.

6. Defendant(s) New York Police Officer(s) John Does 1 through 10's, conduct was so extreme and outrageous that it would shock the conscious of any reasonable person.

7. Defendant(s) New York Police Officer(s) John Does 1 through 10's actions were the direct cause of Plaintiffs' emotional distress.

8. As a result of the above-mentioned actions, Plaintiffs have been damaged, including mental distress, and pain and suffering.

**WHEREFORE**, Plaintiffs demands judgment against Defendants for the following:

a. Compensatory damages;

b Attorney's fees;

c. Costs of suit;

d. Pain and suffering;

e. Punitive damages;

f. Interest; and

g. Such other and further relief as the Court may deem equitable and just.

Mitchell Law Offices,. PC
Attorneys for Plaintiffs

BY: /s/Douglas G. Mitchell
Douglas G. Mitchell, Esq.

Dated: December 28, 2022

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| Dated: December 28, 2022 | BY: /s/Douglas G. Mitchell<br>Douglas G. Mitchell, Esq. |

DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Douglas G. Mitchell, Esq. as trial counsel in the above-captioned matter.

|  |  |
|---|---|
| Dated: December 28, 2022 | BY: /s/Douglas G. Mitchell<br>Douglas G. Mitchell, Esq. |

CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

|  |  |
|---|---|
| Dated: December 28, 2022 | BY: /s/Douglas G. Mitchell<br>Douglas G. Mitchell, Esq. |
| , Esq. |  |